**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD GARRETT TURAY,

          Plaintiff - Appellant,

  v.

KELLY CUNNINGHAM, Superintendent; et al.,

          Defendants - Appellees.

No. 11-35469

D.C. No. 3:10-cv-05493-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Richard Garrett Turay, an involuntarily committed resident of Washington's

Special Commitment Center ("SCC"), appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment, Eighth Amendment, Fourteenth Amendment, and the United Nations Convention Against Torture. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Turay's First Amendment retaliation claim because Turay failed to raise a genuine dispute of material fact as to whether defendants' conduct was based on a retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) ( plaintiffs must establish that an adverse action was taken "because of" their protected conduct).

The district court properly granted summary judgment on Turay's equal protection claim because Turay failed to raise a genuine dispute of material fact as to whether he was treated differently from other similarly situated individuals. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (different treatment of unlike individuals does not support an equal protection claim).

The district court properly granted summary judgment on Turay's Eighth Amendment claim because Turay failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to his mental health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (defendant acts with deliberate indifference only if he knows of and disregards an excessive risk to

plaintiff's health and safety); *see also Sharp v. Weston*, 233 F.3d 1166, 1171 (9th Cir. 2000) (requiring deference to the "professional judgment" of officials in state institutions except where the decision is "'such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982))).

The district court properly granted summary judgment on Turay's claim under the United Nations Convention Against Torture because the statute implementing the Convention does not extend to alleged tortuous acts within the United States. *See* 18 U.S.C. § 2340A(a) ("Whoever **outside the United States** commits or attempts to commit torture shall be fined under this title or imprisoned . . . ." (emphasis added)).

Turay's motion to conduct de novo review, submitted on September 20, 2011, is denied as unnecessary.

**AFFIRMED.**